IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BEAU DAVID PRICE | § | |
|     *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 11-00644-SS |
| ALAN STEEN, JOEL MORENO, | § | |
| ROD VENNER, ANDY PENA, AND | § | |
| RICK CRUZ, | § | |
|     *Defendants* | § | |

---

**DEFENDANTS' MOTION TO DISMISS**

---

TO THE HONORABLE SAM SPARKS, United States District Judge:

COMES NOW the Defendants, Alan Steen, Joel Moreno, Rod Venner, Andy Pena, and Rick Cruz, and file this Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Western District Local Rule CV-12. As grounds for this motion the Defendants state the following. This motion serves in lieu of an original answer. FED. R. CIV. P. 12(a)(4).

## I.     SUMMARY OF THE ARGUMENT

The Defendants move to dismiss all of the claims asserted in the Plaintiff's Original Complaint [Doc. No. 1], which are: (1) race discrimination; (2) violation of the First Amendment of the United States Constitution; and (3) violation of the Fourteenth Amendment of the United States Constitution. Plaintiff has failed to state a claim of race discrimination (presumably via Title VII, although it is not specifically pled) because he failed to timely file a Charge of Discrimination and thereby exhaust his administrative remedies. Furthermore, the Defendants, as state employees, hereby raise the shield of qualified immunity to Plaintiff's constitutional

claims. In the face of such immunity, Plaintiff cannot as a matter of law sustain his burden of demonstrating the inapplicability of the qualified immunity defense. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). In addition to immunity, Plaintiff fails to state a claim under the First and Fourteenth Amendments.

## II. INTRODUCTION

On July 27, 2011, Plaintiff filed his Original Complaint and began this litigation.[1] This action was the result of Plaintiff's termination from TABC on August 3, 2009. As Plaintiff was a peace officer, upon the separation of his employment, TABC submitted a report to the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE") pursuant to Texas Occupations Code §1701.452 (hereinafter the "F-5 Report"). Plaintiff challenged, via the State Office of Administrative Hearings ("SOAH"), TABC's classification of his termination on the F-5 Report.[2] He did not file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") until September 6, 2010 (399 days after his termination).

## III. ARGUMENT AND AUTHORITIES

### A. The Legal Standard.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n v. Miss, Inc. v. Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281

---

[1] Scarcely a month before this action was filed, Plaintiff filed suit in the 129th Judicial District Court of Harris County, Texas, Cause No. 2011-37083 on June 21, 2011. That action also complains of Plaintiff's termination from his employment at the Texas Alcoholic Beverage Commission ("TABC"). Plaintiff's state court action raises claims under Chapter 21 of the Texas Labor Code, as well as alleges various violations of the Texas Constitution.

[2] TABC had coded Plaintiff's dismissal on the F-5 Report as "generally discharged." TCLEOSE may request a correction of the report on the officer's behalf, or it can transfer the matter to SOAH for an administrative hearing. *See* Tex. Occupations Code §1701.4525.

F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

Additionally, "[t]o survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965).

**B. Plaintiff's Discrimination Claim.**

Although Plaintiff does not explicitly plead a discrimination claim pursuant to Title VII, the Complaint includes a "Conditions Precedent" section discussing a Charge of Discrimination filed with the EEOC (Charge No. 450-2011-00449). *See* Plaintiff's Original Complaint at ¶ 6. Moreover, Plaintiff alleges a disparate treatment claim in the "Causes of Action" section:

> Defendants have discriminated against Price because of his race in terminating his employment for the false and pretextual charge of having violated extra-work policies of the TABC when other non-white employees of TABC in similar situations are treated less harshly.

Plaintiff's Original Complaint at ¶ 62. Taken together, it strongly suggests that Plaintiff is attempting to assert a discrimination claim under Title VII. As a result, TABC must address this purported claim out of an abundance of caution.

Under Title VII, a charge of discrimination must be filed with the EEOC within 300 days of the adverse employment action. 42 U.S.C. § 2000e-5(e)(1). Plaintiff claims that he was terminated on August 3, 2009. *See* Plaintiff's Original Complaint at ¶ 8. As a result, the statutory time to file a charge of discrimination with the EEOC expired on May 30, 2010. Plaintiff did not file his charge of discrimination until September 6, 2010 (100 days after the expiration of the filing deadline). *See* Exhibit A.

While the timely filing of a charge of discrimination is not a jurisdictional prerequisite to suit, timely filing is a "precondition to filing suit in district court." *Cruce v. Brazosport Indep. School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983). As a result, the administrative exhaustion issue falls under Rule 12(b)(6). However, courts have consistently required strict compliance with Title VII administrative procedures, and will dismiss suits when plaintiffs fail to meet those administrative requirements. *See, e.g., Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Nat'l Assoc. of Gov't Employees v. City Pub. Serv.*, 40 F.3d 698, 711 (5th Cir. 1994). Moreover, procedural requirements are "not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. V. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

With that in mind, it is clear that Plaintiff has failed to state a discrimination claim under Title VII. By Plaintiff's own pleading, he was terminated from TABC on August 3, 2009. *See* Plaintiff's Original Complaint at ¶ 8. Strict compliance with the administrative requirements of Title VII dictates that Plaintiff must have filed a charge of discrimination no later than May 30, 2010. He did not do so. Rather, he waited for 100 more days before filing a charge of discrimination on September 6, 2010. *See* Exhibit A. Therefore, Plaintiff's discrimination claim must be dismissed.

In addition, Plaintiff has not named TABC as a defendant in this action. The Fifth Circuit has summarized that "[w]hile Title VII defines the term employer to include any agent of an employer, [42 U.S.C.] § 2000e(b), this circuit does not interpret the statute as imposing individual liability for such a claim." *Indest v. Freeman Decorating, Inc*. 164 F.3d 258, 262 (5th Cir. 1999) (citing *Pfau v. Reed*, 125 F.3d 927, 935-36 (5th Cir. 1997)). The *Indest* court also cited a Sixth Circuit opinion noting that a majority of the circuits considering suits against the agent of an employer have held that an employee/supervisor, who does not otherwise qualify as an employer, cannot be held individually liable under Title VII and similar statutory schemes. *Indest*, 164 F.3d at 262 n. 4 (quoting *Wathen v. General Elect. Co*., 115 F.3d 400, 404 (6th Cir. 1997)).

The Fifth Circuit has repeatedly rejected any individual liability under Title VII. *See Ackel v. Nat'l Commc'ns, Inc .,* 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities"); *Smith v. Amedisys, Inc.,* 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII"). As Plaintiff has named only individuals in this action, his Title VII claim against those individuals must be dismissed.

### C. Plaintiff's First and Fourteenth Amendment Claims Fail As A Matter Of Law And Defendants Are Entitled To Qualified Immunity.

It is well established that "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. Al-Kidd*, 563 U.S. ---, 131 S.Ct. 2074, 2078, 179 L.Ed.2d 1149 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Following an invocation of qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon*, 305 F.3d at 323.

A claim against a state employee in his or her official capacity is merely another way of pleading an action of the entity of which the individual defendant is an agent. *See Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Where the state has not consented to suit, the Eleventh Amendment bars a claim for money damages from state employees in their official capacity. *See Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). Government officials who perform "discretionary functions" are entitled to the defense of qualified immunity from suits in their individual capacity. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The doctrine of qualified immunity protects government officials sued pursuant to § 1983 "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (internal quotation marks omitted). The Fifth Circuit has emphasized the broad protections of qualified immunity, stating that it "gives ample room for

mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *DePree v. Saunders,* 588 F.3d 282, 288 (5th Cir.2009).

Here, Plaintiff makes only the bald allegation that the Defendants violated his rights under the First and Fourteenth Amendments of the United States Constitution. *See* Plaintiff's Original Complaint at ¶ 63. There is no allegation of what the protected speech Plaintiff engaged in and that is the source of the Defendants' retaliation; nor does he state with any particularity what due process was denied him (if he is making a due process claim) or what similarly situated person(s) were treated differently (if he is making an equal protection claim).

    1. <u>First Amendment Claim</u>

To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he/she exercised protected free speech, (2) the defendant employer took adverse action against the plaintiff employee, and (3) the protected speech or association was a "substantial or motivating factor" in the adverse action. *Board of County Commissioners v. Umbehr*, 518 U.S. 668, 675, 116 S.Ct. 2342, 2347 (1996); *Gerhart*, 217 F.3d at 321; *Breaux v. City of Garland*, 205 F.3d 150, 156 (5th Cir. 2000). The "protected speech" element of the claim has two components: (a) the speech was on a matter of "public concern," and (b) the employee's interest as a citizen in speaking is not outweighed by the agency's interest in efficiently performing its functions. *Umbehr*, 518 U.S. at 675-676, 116 S.Ct. at 2347-2348; *Blackburn v. City of Marshall,* 42 F. 3d 925, 932 (5th Cir. 1995).

Public employee speech is not protected when it "involves matters of solely personal interest," such as the employee's own salary and working conditions. *Connick v. Myers*, 461 U.S. 138, 147-148, 103 S.Ct. 1684, 1690 (1983); *Benningfield v. City of Houston*, 157 F. 3d 369, 375 (5th Cir. 1998) (citing *Ayoub v. Texas A&M Univ*., 927 F. 2d 834, 837 (5th Cir.), *cert. denied*,

502 U.S. 817, 112 S.Ct. 72 (1991)). Stated differently, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Garcetti v. Ceballos*, 547 U.S. 410, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). However, Plaintiff has not identified or alleged any speech falling within these parameters.

Other than Plaintiff's alleged "lengthy and detailed appeal to Venner," Plaintiff's Original Complaint at ¶ 44, there is no allegation of any other speech that Plaintiff himself engaged in and for which he was retaliated. Speech by others does not fall within Plaintiff's First Amendment rights. Furthermore, Plaintiff's alleged "appeal to Venner" concerned only his employment and was not a matter of public concern. *See Id.*; *Connick*, 461 U.S. at 147-148. Accordingly, Plaintiff's First Amendment claim must be dismissed.

2. Fourteenth Amendment Claim

Likewise, Plaintiff has not identified that process to which he was deprived and that serves as the basis of his Fourteenth Amendment claim. Plaintiff's bald factual allegations that a seeming conspiracy deprived him of due-process and existed to unlawfully discriminate against him are facially-inadequate to salvage his demand for damages through 42 U.S.C. § 1983. *See Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009) (dismissing allegations deemed to be "conclusory" and applying the plausibility test to the remaining allegations). Plaintiff's allegation, purported as fact, that some "conspiracy" occurred to violate the Plaintiff's due process rights is impermissibly conclusory and in any case lacks any underlying articulation of insufficient process, which is "a critical element of a due process violation." *John Doe v. Silsbee Independent School Dist.*, 2011 WL 4056739, *5 (5th Cir. 2011)

(citing *Brown v. Tex. A & M Univ.*, 804 F.2d 327, 333–34 (5th Cir.1986)) (due process claim dismissed "for failure to allege 'with particularity what processes he was due.'").

Moreover, and to the extent that Plaintiff is asserting an equal protection claim under the Fourteenth Amendment, such a claim also does not escape the application of qualified immunity for the Defendants and fails as a matter of law. The Fourteenth Amendment provides that States may not "deny to any person within its jurisdiction the equal protection of the laws." In other words, all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). However, Plaintiff has made only conclusory allegations that he was disciplined differently "than similarly situated Hispanic or African American employees." Plaintiff's Original Complaint at ¶ 61. There are no allegations of who (beyond simply "Hispanic and African American employees") was similarly situated, how they were similarly situated, and how they were treated differently. As a result, Plaintiff's claim fails as a matter of law and the Defendants are entitled to qualified immunity. *See Longoria v. Dretke*, 507 F.3d 898, 904 (5th Cir. 2007) (holding that to prevail on an equal protection claim, a plaintiff must show that the defendants "purposefully discriminated against him and that he was treated differently from similarly-situated" employees).

## IV. CONCLUSION

In view of the foregoing arguments, the Defendants respectfully request that all of Plaintiff's claims be dismissed with prejudice.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT B. O'KEEFE
General Litigation Division Chief


   /s/   Timothy E. Bray
TIMOTHY EARL BRAY
Assistant Attorney General
Texas Bar No. 24061240
Office of the Attorney General of Texas
General Litigation Division-019
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone:   (512) 463-2120
Facsimile:   (512) 320-0667
Email:   Tim.Bray@oag.state.tx.us

ATTORNEYS FOR DEFENDANTS


**CERTIFICATE OF FILING AND SERVICE**

      I, Timothy E. Bray, hereby certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on this 21st day of October, 2011, with the Clerk of Court for the Western District of Texas, and that counsel identified below would be electronically advised of the filing. Nevertheless, a courtesy copy of this motion was also sent by certified U.S. Mail, return receipt requested, to the following:

Mr. Larry Watts
Watts & Associates
P.O. Box 2214
Missouri City, Texas 77459
E-mail: wattstrial@gmail.com


   /s/   Timothy E. Bray
TIMOTHY EARL BRAY
Assistant Attorney General