# EXHIBIT

# "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA  ☒ EEOC | 450-2011-00449 |

_Texas Alcoholic Beverage Commission (TABC)_ and EEOC

State or local Agency, if any

**NAME** *(Indicate Mr., Ms., Mrs.)*
MR. BEAU PRICE

**HOME TELEPHONE** *(Include Area Code)*
[redacted]

**STREET ADDRESS          CITY, STATE AND ZIP CODE**
[redacted]

**DATE OF BIRTH**
1974

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME (TABC)  Texas Alcoholic Bev. Comm. | NUMBER OF EMPLOYEES, MEMBERS  500+ | TELEPHONE *(Include Area Code)*  512-206-3333 |
|---|---|---|

| STREET ADDRESS  5806 Mesa Dr | CITY, STATE AND ZIP CODE  Austin, TX 78731 | COUNTY  TRAVIS |
|---|---|---|

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER *(Specify)*

**DATE DISCRIMINATION TOOK PLACE** *EARLIEST (ADEA/EPA)*  *LATEST (ALL)*
04-09 → 9-22-10

☒ CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

PLEASE SEE "ATTACHMENT A" — 3 PAGES ATTACHED TO THIS FORM

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 9-6-10     Charging Party *(Signature)* BDPu

NOTARY (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)*
06 September 2010

KATHRYN STABE
Notary Public, State of Texas
My Commission Expires
May 03, 2014

EEOC FORM 5 (Test 10/94)



My name is Beau Price. I hold a Texas Master Peace Officer License. I have over 14 years full time law enforcement experience. I hold a TCLEOSE Instructor and FTO certificate as well as many other upper level certifications. I also have a degree in Criminal Justice. I have worked full time for 21 years and have never been terminated from any position other than the matter in this document. I was employed as an Enforcement Agent with the Texas Alcoholic Beverage Commission (TABC) October of 2007. I was wrongfully terminated from the Agency August 2009 after being falsely accused of "Insubordination". This allegation stemmed from an allegation that I violated policy by working an off duty job while I was ordered not to. I was able to prove beyond any doubt that I did not commit any policy violation. This was proved by witnesses and physical evidence. I cooperated throughout the entire investigation process. I was represented by an attorney throughout the process. During the investigation into the policy violation, It became evident to me that I was going to be terminated no matter what the evidence was. This was proven many times. One example was an email that my attorney gained through an open records request whereas my direct supervisor, Captain Rick Cruz (Captain of the Enforcement Division), notified Captain Andy Pena (Captain of OPR Internal Investigations) that I would be found guilty in the investigation. This email was dated 3-18-09. The investigation did not even begin until 3-29-09. No statements were taken, and absolutely no witnesses were interviewed prior to 3-29-09, 11 days after Captain Cruz determined in writing that I was going to be terminated. This investigation lasted several months. I was interrogated at length on multiple occasions and pressured to change my statements. I was even ordered to take my garrity statement off my statement forms by Captain Cruz. The investigation itself was very harassing and intimidating in nature. Throughout the investigation, my attorney and myself were able to prove over and over again that I had not committed any violations. We proved this through sworn statements from witnesses, (most active full time Texas Peace Officers), and other physical evidence. We complied with all policies and orders throughout the investigation and afterwards. At the conclusion of the investigation, in direct disregard of all evidence, TABC decided that they were going to rule against me. As per TABC policy, we had the right to appeal this decision. My attorney prepared a 7 page appeal, which by policy, was to be directed to Assistant Chief Rod Venner. This appeal was turned in within policy timelines and guidelines. This appeal contained proof without any doubt that I could not have violated any policy violations. It also pointed out several actual policy violations that TABC committed throughout my investigation as well as reporting a Felony offense of Falsifying a Government Document that was committed by Lt. Harry Schreffler in my investigation. I was later notified through my attorney that TABC did not change their decision and that I was in fact going to be terminated. As per TABC policy, I had the right to appeal my termination to Adminstrator Allen Steen, which I did in proper form and timeline with help of my attorney. My attorney prepared another multi page document with even more information that proved without any doubt that I did not commit any policy or law violation and that my termination should be reversed. Several days after the appeal to Steen, my attorney was contacted by Steen via certified mail that the Investigation into my termination was going to be re-opened due to the evidence in my appeal document to Steen. The letter stated that Captain Andy Pena was ordered by Steen to review the entire investigation including the evidence in my appeals. Several days later, I was contacted by my attorney, who provided another certified letter from TABC stating that my termination was going to be upheld and not reversed. TABC filed my F5 form

1

 

(Peace Officer letter of Separation of Licensee). On this form, TABC states on the front that I was terminated for a policy violation OTHER than Insubordination. On the second page of the F5 form, it states that I was terminated for Insubordination. The F5 form itself contradicts TABC's decision. My next appeal available to me was to a SOAH Court to appeal my F5 form. The F5 also shows that I have a General Discharge. In regards to this type of discharge, Police Officers are generally unable to regain any type of Law Enforcement job. My appeal was filed by my attorney within TCLEOSE guidelines and timelines. It took over 1 year to have a hearing set in my F5 appeal. TABC was mandated to respond to my F5 appeal. In their official written response to my F5 appeal, TABC states that I was suspended for Illicit Drug Use and that this suspension took place 2 months after I was terminated. This is a completely false statement in that I was NEVER suspended for any type of drug use, nor was I investigated for anything at all 2 months after I was terminated. I attempted to gain another position in Law Enforcement multiple times at multiple Law Enforcement Agencies after my termination. I completed the entire hiring process for these Agencies and passed all phases. I was informed by the Agencies that due to my termination from TABC and my F5 form filed by TABC, they were going to be unable to employ me. On August 26, 2010, I had an F5 Appeal hearing in Austin before SOAH Judge Paul Keeper. In this hearing, several witnesses testified. TABC Sgt. Steven Cagle, the Investigator who actually investigated me, testified. In Cagle's testimony, he stated that he didn't have any evidence to support the fact that I committed any policy violations, but that he was advised that I was guilty. Captain Rick Cruz testified that he did in fact email Captain Andy Pena in regards to my case and that his email stated that I was to be found guilty in the investigation. Captain Cruz further stated that he did not state it in the email, but that he intended the email to also mean that I was to be terminated. These determinations were made prior to any investigation. Captain Andy Pena testified that he was an expert on Police Officer extra duty employment. Pena testified that I did not commit any violation and that I acted within guidelines. Pena further stated that he was NEVER ordered to re-open my investigation at any point. Pena testified that he only read the multiple page appeal issued to Allen Steen the day of the F5 hearing and never before that time. Assistant Chief Rod Venner testified that Captain Rick Cruz recommended to him that I be terminated. Venner further testified that he did not even read the appeal document that was provided to him during my investigation until a few days prior to the F5 appeal hearing. Venner stated that he didn't review the document because it had already been determined that I was to be terminated no matter what. TABC Chief of Enforcement Joel Moreno testified that he falsely filled out my F5 report. Moreno also testified that as a Law Enforcement Agency Chief, he would NOT hire an agent with an F5 such as mine.

TABC terminated several caucasion employees during the same time frame I was terminated. It should be noted that Jose Cuevas (Hispanic) is a Commissioner for TABC and is Allen Steen's boss. It should also be noted that Joel Moreno (Hispanic) is the Chief of Enforcement. Captain Andy Pena (Hispanic) was in charge of my investigation. Captain Rick Cruz (Hispanic) was my direct Captain. I have knowledge that several other complaints have been filed with TABC in the recent past regarding discrimination on white employees by Hispanic supervisors.



On September 22, 2010, State Judge Paul Keeper rendered his opinion regarding my F5 Appeal (SOAH Docket Number [REDACTED]. Judge Keeper found in my favor and pointed out all the aforementioned issues that came to light in the hearing with TABC. Judge Keeper further ordered TCLEOSE to change my F5 to Honorable Discharge – Terminated at Will. However, I have found that the original false F5 form stays in my file forever and is available to potential employers. I again attempted employment after receiving the ruling, and was declined, due to TABC.